IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERNARD ROSOF,<br>695 Merrick Avenue, Apt. 224<br>Westbury, NY 11590<br><br>           Plaintiff,<br>     v.<br><br>NATIONAL MINORITY QUALITY FORUM, INC.,<br>1201 15TH Street, N.W., Suite 340<br>Washington, D.C. 20005<br><br>     SERVE:   Gary A. Puckrein, Ph.D.<br>                    President and CEO<br>                    1201 15th Street, N.W.<br>                    Suite 340<br>                    Washington, D.C. 20005<br><br>           Defendant. | Civil Action No.: |

## **COMPLAINT**

Plaintiff Bernard Rosof ("Rosof" or "Plaintiff"), by and through undersigned counsel, hereby requests relief against the National Minority Quality Forum, Inc. ("NMQF" or "Defendant") for the reasons and in the amounts stated herein.

## **INTRODUCTION**

1.  This is an action brought under the District of Columbia Uniform Fraudulent Transfer Act to collect from NMQF a judgment due to Plaintiff by NMQF's alter ego, Sustainable Healthy Communities, LLC.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. 1332, because this case is an action between diverse parties that are residents of different states and the amount of controversy exceeds $75,000.00.

3. This Court has personal jurisdiction over the Defendant because it transacts business in the District of Columbia out of its office located at 1201 15th Street, N.W. Suite 340, Washington, D.C. 20005.

4. Venue is proper in this Court as the acts and/or omissions of the Defendant occurred in the District of Columbia.

**PARTIES**

1. Plaintiff Bernard Rosof, M.D., M.A.C.P. is a medical doctor living in the State of New York.

2. Sustainable Healthy Communities, LLC ("SHC"), was a limited liability company engaged in the business of research and education.

3. National Minority Quality Forum, Inc. ("NMQF"), is a Delaware corporation founded in 1998 with its main office in the District of Columbia. It is a 501(c)(3) research and education association.

4. SHC and NMQF are the alter egos of each other and, in reality, are the same business entity.

**FACTUAL BACKGROUND**

**The Judgment Against SHC**

5. On October 7, 2019, Rosof procured a money judgment of $226,726.07, plus costs and prejudment interest, totaling $277,010.06, against SHC, in the Supreme Court of the State of

New York, County of Suffolk, Index No. 613921/2019 (the "NY Judgment"). This judgment arose out of unpaid compensation SMC owed Rosof for work performed as the Chief Executive Officer and President of SHC.

6. On or about September 2, 2021, the NY Judgment was filed in the District of Columbia, Case No. 2021_CA-003088-F (the "DC Judgment"). The Court entered judgment against the Defendant on October 13, 2021, for $226,726.06, which was the original amount of the NY Judgment.

7. Due to accumulating interest, today the judgment amount totals $338,638.24.

8. Despite numerous demands for payment, SHC has failed to pay the judgment due to Rosof.

**The Fraudulent Conveyances to NMQF**

9. SHC had offices in the District of Columbia. In or about 2016 SHC hired Rosof as its President and Chief Executive Officer.

10. Rosof resigned on or about January 31, 2018, due to the lack of support for his work and the insistence of control by Gary A. Puckrein, Ph.D., who was the Chairman of the Board of NMQF.

11. SHC was a subsidiary of NMQF during the time Rosof was CEO of SHC.

12. In 2023 Rosof began collection efforts against SHC for the DC Judgment. These efforts began with a "demand letter" sent on or about October 31, 2023, by undersigned counsel to Anna Norton, the President of SHC.

13. Rosof followed up on the demand letter by serving debtors' interrogatories, which went unanswered.

14. At the time undersigned counsel sent the demand letter, SHC seemed, by inspection of its website, to be an operational entity.

15. Not having any success in his collection efforts against SHC, during the fall of 2024 Rosof, through counsel, again searched for avenues for collection from SHC.

16. Rosof's counsel checked the SHC website on or about November 4, 2024. It could not be found. The NMQF website referred to SHC as its wholly owned subsidiary. However, SHC was listed in the records of the District of Columbia Department of Consumer and Regulatory Affairs ("DCCRA") as a business entity operating in the District of Columbia.

17. By January 29, 2025, SHC was no longer listed in the DCCRA as an active business.

18. By January 29, 2025, a Google search for SHC showed the entity under NMQF and a click on the link for that entry led to the NMQF website.

19. As of February 8, 2025, SHC was listed on Google maps as "permanently closed."

20. Dr. Puckrein was the President and Chief Executive Officer of both SHC and NMQF in 2024 and holds those same offices for NMQF in 2025.

21. Both SHC and NMQF conducted business out of the same address during all times relevant to this Complaint.

22. Upon information and belief, business operations of SHC were rolled over to NMQF after receipt of Plaintiff's demand letter in 2024.

23. NMQF is currently the alter ego and successor of SHC.

24. As such, NMQF is now responsible for the debt SHC owes to Rosof.

25. Rosof discovered SHC's fraudulent transfer on January 29, 2025, when he learned SHC was no longer in business and NMQF had apparently subsumed SHC into itself.

## COUNT I
### (Fraudulent Transfer in violation of the District of Columbia Uniform Fraudulent Transfer Act)

26. Plaintiff restates and realleges the allegations contained in the Factual Allegations section of the Complaint as if fully set forth herein.

27. Upon information and belief, during the latter part of 2024, and perhaps 2025, SHC ceased conducting business in its own name. Business formerly conducted by SHC was turned over to NMQF.

28. The transfer of business from SHC to NMQF necessarily included the transfer of funds from SHC to NMQF. SHC would not have been able to close down operations if it still had funds in its possession, and it is logical to assume that any funds it did have were therefore absorbed by or transferred into NMQF.

29. Pursuant to District of Columbia Code §28-3104, the absorption or transfer of funds from SHC to NMQF was done, in whole or in part, to avoid payment to Rosof, who is a creditor of SHC.

30. Such absorption or transfer of funds from SHC to NMQF was done without receipt of reasonable value.

31. After the transfer or absorption of SHC by NMQF, SHC was left without funds and ceased business operations.

32. Consequently, NMQF is liable to Rosof for the $338,638.24 DC Judgment.

33. Pursuant to District of Columbia Code §28-3107, Rosof is entitled to the avoidance of the fraudulent transfers and an attachment against NMQF property for the sums owed to him by SHC.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons stated above, Plaintiff Bernard Rosof demands judgment against the Defendant National Minority Quality Forum, Inc. for $338,638.24, plus pre- and post-judgment interest.

Plaintiff also seeks a court order of attachment, attaching to all property owed by the Defendant to Plaintiff's debt, and permitting Plaintiff to foreclose on such attachment and sell such property in order to satisfy the debt owed to him.

Plaintiff further seeks payment of his costs and attorneys' fees, as appropriate.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues raised herein.

Respectfully submitted,

*/s/John C. Cook/*
John C. Cook (D.C. Bar No. 421528)
Chandler Sensibaugh (Newly admitted to DC)
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
Phone (703) 865-7480
Fax (703) 434-3510
jcook@cookcraig.com
*Counsel for Plaintiff*